**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WILLIAM W. SHAW**
**ADC #155338**                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:14-CV-243 BSM/BD**

**TIMOTHY FALOON**                                            **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller.  Mr. Shaw–or any party–may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

Plaintiff William W. Shaw, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendant Timothy Faloon was deliberately indifferent to his serious medical needs.  (Docket entry #1) Defendant Faloon has now filed a motion for summary judgment.  (#12)  Mr. Shaw has responded to the motion.  (#16)  For the reasons set out below, Defendant Faloon's motion for summary judgment (#12) should be GRANTED.

## III.   Facts

Mr. Shaw is an inmate in the Tucker Unit of the ADC.  At the time of filing, Mr. Shaw had suffered from an ear infection for over two months.  (#1, p. 4)  Mr. Shaw acknowledges that he was taken to a doctor in Little Rock, but claims he was not treated. For relief, Mr. Shaw states that he needs to see an ear specialist to resolve this issue.  (#1, p. 4)

## IV.   Discussion

### A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving

party bears the initial responsibility of demonstrating the absence of a genuine dispute of

material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets this burden, the nonmoving party must respond by coming

forward with specific facts establishing a genuine dispute for trial.  *Torgerson v. City of*

*Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party does

not come forward with enough evidence to establish a necessary element of a claim, the

moving party is entitled to judgment as a matter of law that claim.  *Celotex Corp.,* 447 U

.S. at 322–23, 106 S.Ct. at 2552.

### B.      Exhaustion of Administrative Remedies

Prisoners must exhaust "such administrative remedies as are available" before

filing a lawsuit under 42 U.S.C. § 1983.  42 U.S.C. § 1997(e); see also *Booth v. Churner,*

532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be

exhausted before a complaint under § 1983 may be entertained").  An "available remedy"

is one that is "capable of use for the accomplishment of a purpose; immediately utilizable

[and] accessible."  *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001).  ADC inmates

must comply with the ADC grievance procedure to exhaust their administrative remedies.

(#13-1) The undisputed evidence in this case shows that Mr. Shaw did not complete the

administrative process before filing this action.

In support of his motion, Defendant Faloon has provided an affidavit of Shelly Byers, the ADC Medical Grievance Coordinator.  (#13-2)  According to the affidavit, Mr. Shaw "lodged one formal medical grievance" between June 22, 2011 and June 24, 2014, that is, grievance number TU-14-00438.[1]  (#13-2; #13-3)  The affidavit avows that Mr. Shaw did not fully exhaust that one grievance because he did not appeal the grievance to the Deputy Director for Health and Correctional Programs.  (#13-2)

Contrary to the Byers affidavit, Mr. Shaw filed at least three additional grievances related to the claim raised in this case *and attached them to his Complaint*.  (#1)  The sworn affidavit in this case states clearly, but erroneously, that Mr. Shaw filed only one formal medical grievance between the dates in the affidavit.  (#13-2) The record, however, clearly shows that Mr.  Shaw filed at least two "formal" grievances, and one informal grievance.

The first grievance attached to the Complaint was marked "informal."  (#1, p.5) But the second grievance attached to the Complaint was marked "formal."  (#1, p.  6) The third grievance attached to the Complaint was marked "emergency grievance."  (#1, p.  7)  All three grievances that the Byers affidavit failed to mention related to Mr. Faloon's ear problems and ear pain.

---

[1] This grievance is also referred to as TU-14-0043 in the Brief (#14) and Statement of Facts.  (#13)

As troubling as the Court finds the Defendant's errors and omissions, he is still entitled to summary judgment based on Mr. Shaw's failure to exhaust administrative remedies.  Mr. Show admits that he did not exhaust his administrative remedies.  (#16) The three grievances attached to the Complaint do not show that he completed the necessary appeals to complete the grievance process.

Mr. Shaw asks the Court to hold his complaint in abeyance until he has completed the grievance process.  (#16)  This Court cannot grant his request.  If exhaustion is not complete at the time a lawsuit is filed, the Court must dismiss, without prejudice, all claims that were not fully exhausted as of the date the lawsuit was filed.  *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).  Because Mr. Shaw's medical claim was not exhausted at the time of filing, it should be dismissed, without prejudice.

## V.   <u>Conclusion</u>

The Court recommends that Defendant Faloon's motion for summary judgment (#12) be GRANTED.  Mr. Shaw's pending deliberate indifference claim should be DISMISSED, without prejudice.

DATED this 24th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

5